IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SYLVIA PRUITT, individually and as Special Administrator of the Estate of CHESTER BLACK, Deceased,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | CIVIL NO. 07-768-GPM |
| **KELLY MOORE PAINT COMPANY, R.T. VANDERBILT COMPANY, INC., and T.H. AGRICULTURE & NUTRITION, L.L.C.,** ) ) ) ) ) ) | |
| **Defendants.** ) | |

# ORDER

**MURPHY, District Judge:**

This case has been removed by Defendant T.H. Agriculture & Nutrition, L.L.C., ("T.H. Agriculture") from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to this Court in federal diversity jurisdiction. On November 13, 2007, after preliminary review of the notice of removal, the Court ordered T.H. Agriculture to file an amended notice of removal on or before November 22, 2007, correcting defective jurisdictional allegations with respect to T.H. Agriculture's citizenship for diversity purposes, as well as that of Plaintiff Sylvia Pruitt and her decedent Chester Black and Defendant Kelly Moore Paint Company. By separate order entered November 13, 2007, the Court noticed sua sponte that, because the event that was alleged by T.H. Agriculture to have made this case removable in diversity was the involuntary dismissal of a diversity-defeating party from the case, the removal was procedurally defective under the so-called "voluntary-involuntary" rule, which holds generally, of course, that a case can be made removable

only by a plaintiff's voluntary act.  *See Sanders v. Merck & Co.*, Civil No. 07-64-GPM, 2007 WL 924497, at **5-7 (S.D. Ill. Mar. 27, 2007); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 1002-07 (S.D. Ill. 2007).  The Court noted also that, although the record is not entirely clear as to when this action was commenced in state court, there is reason to believe that the removal of the case occurred outside the one-year deadline on removal in diversity set out in 28 U.S.C. § 1446(b).  The Court ordered Pruitt to file on or before November 22, 2007, either a consent to the removal of the case or a motion for remand of the case to state court.  *See In re Continental Cas. Co.*, 29 F.3d 292, 294-95 (7th Cir. 1994); *Nelson v. Overland Bond & Inv. Corp.*, No. 97 C 6617, 1997 WL 627653, at **1-2 (N.D. Ill. Oct. 1, 1997); *Bullock v. Humana Health Care Plans, Inc.*, 988 F. Supp. 1123, 1124-25 (N.D. Ill. 1997); *Runge v. Maffei*, No. 96 C 1666, 1996 WL 164383, at **1-2 (N.D. Ill. Apr. 2, 1996); *Davies v. Recreation Plantation, Inc.*, No. 94 C 4672, 1994 WL 419671, at **1-2 (N.D. Ill. Aug. 5, 1994); *Ponce v. Alitalia Linee Airee*, 840 F. Supp. 550, 551-52 (N.D. Ill. 1993).

In spite of the Court's express command to correct several glaring defects in the jurisdictional allegations of the notice of removal, to date T.H. Agriculture has not filed an amended notice of removal in compliance with the Court's order.  In general, "it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme."  *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)).  Moreover, when "[d]espite receiving express directions about what they [have] to do [to establish federal subject matter jurisdiction], counsel [do] not do it," then "[a]t some point the train of opportunities ends."  *Id.* at 448 (quoting *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)).  *See also Thomas v. Guardsmark, LLC*, 487

F.3d 531, 534-35 (7th Cir. 2007); *Culbertson v. Broviak*, No. Civ. 05-404-GPM, 2006 WL 126628, at *1 (S.D. Ill. Jan. 17, 2006); *Home Sav. of Am., F.A. v. Bivona*, No. 93 C 56, 1993 WL 11842, at *1 (N.D. Ill. Jan. 15, 1993). Finally, Pruitt has filed a motion for remand of this case to state court on the grounds that the removal of the case violates the voluntary-involuntary rule. Although, as noted, a removal in violation of the voluntary-involuntary rule is procedurally, not jurisdictionally, defective, the procedural requirements governing removal are "mandatory and strictly applied." *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007); *Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 703 (S.D. Ill. 2007). *See also Yount v. Shashek*, 472 F. Supp. 2d 1055, 1063 (S.D. Ill. 2006) ("The plaintiff has a right to remand if the defendant did not take the right steps when removing . . . and . . . a removed matter must be remanded if there are any defects in the removal procedure."); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *2 (S.D. Ill. June 30, 2006) ("[A] defendant seeking removal must strictly comply with all the statutory requirements, and where there is doubt as to whether the requirements have been satisfied, the case should be remanded."). Accordingly, Pruitt's motion for remand (Doc. 11) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

    **IT IS SO ORDERED.**

    DATED: 11/28/07

                                                s/ *G. Patrick Murphy*
                                                G. Patrick Murphy
                                                United States District Judge